**WO**                 JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Deon Irvin,<br><br>    Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>    Defendants. | No. CV 07-0623-PHX-RCB<br><br>**ORDER** |

      The Maricopa County Defendants have filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (Doc. #39).[1] The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 960 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'" Wyatt v. Terhune, 315 F.3d 1108, 1114 n. 6 (9th Cir. 2003). A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner." Id.

---

[1] These Defendants include the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services (see Doc. #36, at 2).

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Motion for Summary Judgment seeks to have your excessive force claims dismissed (Doc. #39). A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case with respect to these claims.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case as to the respective claims. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your claims will be dismissed.

Local Rule of Civil Procedure 56.1(b) also requires that you include with your response to the Motion for Summary Judgment a separate statement of facts in opposition to the Motion for Summary Judgment. Your separate statement of facts must include numbered paragraphs corresponding to the Defendants' ("moving party's") separate statement of facts:

> (b) Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for each paragraph of the moving party's separate statement of facts, a correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. Each

> numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

LRCiv 56.1(a).  You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

> (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LR.Civ 56.1(e).

Additionally, Local Rule of Civil Procedure 7.2(e) provides:

> Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts.  Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

LRCiv 7.2(e).  Finally, Local Rule of Civil Procedure 7.2(i) provides:

> If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2(i).

You must timely respond to all motions.  The Court may, in its discretion, treat your failure to respond to the Motion for Summary Judgment as a consent to the granting of that motion without further notice, and judgment may be entered dismissing the excessive force claims with prejudice pursuant to Local Rule of Civil Procedure 7.2(i).  See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED:**

(1) Within **30 days** from the date this Order is filed, Plaintiff must file a response to Defendants' Motion for Summary Judgment (Doc. #39), together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits.

1  (2) Defendants may file a reply within **15 days** after service of Plaintiff's response.

2  (3) The Motion for Summary Judgment will be deemed ready for decision without
3  oral argument on the day following the date set for filing a reply unless otherwise ordered
4  by the Court.

5  Dated this 24th day of March, 2008.

```
_____
Robert C. Broomfield
Senior United States District Judge
```

- 4 -