**WO** JDN

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leonard Deon Irvin,<br><br>  Plaintiff,<br><br>vs.<br><br>Maricopa County Board of Supervisors, et al.,<br><br>  Defendants. | No. CV 07-0623-PHX-RCB<br><br>**ORDER** |

Before the Court are Defendant Champagne's Motion for Summary Judgment (Doc. #20), the Maricopa County Defendants' Joinder to Champagne's motion (Doc. #36),[1] and Plaintiff's motion for an extension of time in which to respond to the Joinder (Doc. #41).

The Court will grant Plaintiff's motion for an extension, notify Plaintiff of the summary judgment requirements, and set forth the briefing schedule on Champagne's motion and the joinder thereto.

**I.   Background**

Lloyd P. Champagne, M.D., filed a "Motion for Summary Judgment Based on Plaintiff's Lack of Required Expert Opinion Testimony" pursuant to Federal Rule of Civil Procedure 56 (Doc. #20). Champagne filed his motion on November 26, 2007 (id.). One

---

[1] These Defendants include the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services (Doc. #36 at 2).

1 month later, Plaintiff moved for an extension of time in which to respond to the motion (Doc. 2 #24). At that time, Plaintiff's counsel moved to withdraw as the attorney on record (Doc. 3 #23). The Court granted Plaintiff's motion for an extension and ordered a response no later 4 than February 22, 2008 (Doc. #32). The Court also granted the Motion to Withdraw, and 5 Plaintiff has since proceeded *pro se* (id.).

6 Meanwhile, the Maricopa County Defendants joined Champagne's Motion for 7 Summary Judgment (Doc. #36) and filed a separate Statement of Facts (Doc. #37). Plaintiff 8 sought another extension (Doc. #33), which the Court granted, and a new deadline of April 9 3, 2008 was set (Doc. #38).

10 **II.    Motion for Extension of Time**

11 Plaintiff now moves for a 60-day extension to respond to the Maricopa County 12 Defendants' Joinder on the ground that he is still attempting to obtain copies of pleadings and 13 documents from his former counsel (Doc. #41).

14 On February 26, 2008, the Court granted Plaintiff's Motion to Compel and directed 15 Plaintiff's former counsel, Jess Lorena, to send Plaintiff a copy of his file and any exhibits 16 by March 12, 2008 (Doc. #38). By receipt of this Order, Plaintiff should have the documents 17 necessary to complete his response memorandum. The Court will therefore grant Plaintiff's 18 request for an extension; however, only 30 additional days will be provided for responding 19 to Champagne's Motion for Summary Judgment and the Maricopa County Defendants' 20 Joinder to Champagne's motion.

21 Absent extraordinary circumstances, no further extensions on the summary judgment 22 briefing will be permitted.

23 **III.   Required Notice—Warning to Plaintiff**

24 The Court is responsible for making a *pro se* prisoner "aware of the requirements and 25 consequences" of a motion for summary judgment. Rand v. Rowland, 154 F.3d 952, 960 26 (9th Cir. 1998). In particular, a prisoner must be "'informed of his or her right to file 27 counter-affidavits or other responsive evidentiary materials and be alerted to the fact that 28 failure to do so might result in the entry of . . . judgment against the prisoner.'" Wyatt v.

1 Terhune, 315 F.3d 1108, 1114 n. 6 (9th Cir. 2003).  A prisoner should be notified that if he
2 "fails to controvert the moving party with opposing counter-affidavits or other evidence, the
3 moving party's evidence might be taken as the truth, and final judgment may be entered
4 against the prisoner."  Id.

5      Champagne's Motion for Summary Judgment and the Maricopa County Defendants'
6 Joinder seek to have your medical and professional negligence claims dismissed (Doc. ##20,
7 36).  A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if
8 granted, end your case with respect to these claims.

9      Rule 56 tells you what you must do in order to oppose a motion for summary
10 judgment. Generally, summary judgment must be granted when there is no genuine issue of
11 material fact—that is, if there is no real dispute about any fact that would affect the result of
12 your case, the party who asked for summary judgment is entitled to judgment as a matter of
13 law, which will end your case as it pertains to the respective claims.  When a party you are
14 suing makes a motion for summary judgment that is properly supported by declarations (or
15 other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you
16 must set out specific facts in declarations, depositions, answers to interrogatories, or
17 authenticated documents, as provided in Rule 56(e), that contradict the facts shown in
18 Defendants' declarations and documents and show that there is a genuine issue of material
19 fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if
20 appropriate, may be entered against you.  If summary judgment is granted, your claims will
21 be dismissed.

22      Local Rule of Civil Procedure 56.1(b) also requires that you include with your
23 response to the Motion for Summary Judgment a separate statement of facts in opposition
24 to the Motion for Summary Judgment.  Your separate statement of facts must include
25 numbered paragraphs corresponding to Defendants' ("moving party's") separate statement
26 of facts:

27      (b) Any party opposing a motion for summary judgment shall file a statement, separate from that party's memorandum of law, setting forth: (1) for
28      each paragraph of the moving party's separate statement of facts, a

- 3 -

>    correspondingly numbered paragraph indicating whether the party disputes the statement of fact set forth in that paragraph and a reference to the specific admissible portion of the record supporting the party's position [for example, affidavit, deposition, discovery response, etc.] if the fact is disputed; and (2) any additional facts that establish a genuine issue of material fact or otherwise preclude judgment in favor of the moving party. Each additional fact shall be set forth in a separately numbered paragraph and shall refer to a specific admissible portion of the record where the fact finds support. Each numbered paragraph of the statement of facts set forth in the moving party's separate statement of facts shall, unless otherwise ordered, be deemed admitted for purposes of the motion for summary judgment if not specifically controverted by a correspondingly numbered paragraph in the opposing party's separate statement of facts.

LRCiv 56.1(a).  You must also cite to the specific paragraph in your statement of facts that supports any factual claims you make in your memorandum of law:

>    (e) Memoranda of law filed in support of or in opposition to a motion for summary judgment, including reply memoranda, shall include citations to the specific paragraph in the statement of facts that supports factual assertions made in the memoranda.

LRCiv 56.1(e).

Additionally, Local Rule of Civil Procedure 7.2(e) provides:

>    Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.

LRCiv 7.2(e).  Finally, Local Rule of Civil Procedure 7.2(i) provides:

>    If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2(i).

You must timely respond to all motions. The Court may, in its discretion, treat your failure to respond to the Motion for Summary Judgment as a consent to the granting of that motion without further notice, and judgment may be entered dismissing the medical and professional negligence claims with prejudice pursuant to Local Rule of Civil Procedure 7.2(i).  See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED:**

(1) Plaintiff's Motion for Extension of Time (Doc. #41) is **granted** to the extent that Plaintiff will be given a 30-day extension in which to respond to Champagne's Motion for Summary Judgment (Doc. #20) and the Maricopa County Defendants' Joinder to Champagne's Motion (Doc. #36).

(2) Within **30 days** from the date this Order is filed, Plaintiff must file a response to Champagne's Motion for Summary Judgment and the Maricopa County Defendants' Joinder thereto, together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits.

(3) Defendants may file a reply within **15 days** after service of Plaintiff's response.

(4) The Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

Dated this 24th day of March, 2008.

_____
Robert C. Broomfield
Senior United States District Judge