WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Leonard Deon Irvin, | ) | No. CV 07-0623-PHX-RCB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County Board of Supervisors, et al., | ) | |
| Defendants. | ) | |

Before the Court are Defendant Champagne's Motion for Summary Judgment (Doc. # 20) and the Maricopa County Defendants'[1] Motion for Summary Judgment (Doc. # 39). The motions are fully briefed (Doc. ## 50, 54, 55, 57, 59). Plaintiff has also filed a "Motion for Court to Order Defendants to Provide Plaintiff with Copies of all Forthcoming Pleadings" and a "Motion to Compel Jess Lorona to Produce Photographic Evidence" (Doc. ## 61, 63). The Court will grant Champagne's summary judgment motion, deny the Maricopa County Defendants' summary judgment motion, and deny Plaintiff's motions.

///
///
///

---

[1] Maricopa County Board of Supervisors, Maricopa County Correctional Health Services, Maricopa County Sheriff's Office, Officer Potoff, and Officer Ortega.

## I.  Background

This action was initially filed in the Superior Court of Maricopa County on January 30, 2007.[2] Plaintiff named (1) the Maricopa County Board of Supervisors, (2) Maricopa County Correctional Health Services, (3) the Maricopa County Sheriff's Office, (4) Officer Potoff, (5) Officer Ortega, and (6) Lloyd P. Champagne, M.D. as Defendants. Plaintiff presented six claims for relief.[3] In Count I, Plaintiff alleged that the staffs at Maricopa County Correctional Health Services and the Maricopa County Sheriff's Office rendered negligent medical treatment to his broken finger (Doc. # 1, Ex. B, Complaint ¶¶ 38, 40). In Count II, Plaintiff alleged that Defendants were grossly negligent in failing to reasonably treat Plaintiff's injury (id. ¶ 46).[4] In Count III, Plaintiff alleged that the "Governmental Defendants" were deliberately indifferent to Plaintiff's medical needs, in violation of the Eighth Amendment (id. ¶ 50).[5] In Count IV, Plaintiff alleged that Officers Potoff and Ortega used excessive force against Plaintiff (id. ¶¶ 55, 56). He further claimed that the Governmental Defendants compounded the constitutional harm against Plaintiff by failing

---

[2]  Plaintiff was initially represented by counsel but is now proceeding *pro se* (Doc. # 32).

[3]  The Court notes that the Complaint is somewhat inartfully drafted. But because this Complaint was filed when Plaintiff was represented by counsel, the Court is relieved of its duty to construe the pleading liberally. See Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992); Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (pro se pleadings must be liberally construed).

[4]  Plaintiff does not articulate which Defendants acted with gross negligence. But the claim is directed at the lack of treatment after Plaintiff sustained "the injuries" (Complaint ¶ 46). Because the Complaint makes claims of alleged excessive force, "the injuries" must refer to Plaintiff's alleged injuries he contends were caused by Officers Potoff and Ortega. The Court construes this claim as being leveled against the same Defendants as Count I, the staffs at the Maricopa County Correctional Health Services and the Maricopa County Sheriff's Office.

[5]  The Court construes the "Governmental Defendants" as the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services.

1  to adhere to then-existing county policy (id. ¶ 57). In Count V, Plaintiff alleged that
2  Champagne committed malpractice by treating only one of the fractures to Plaintiff's finger
3  and ignoring the second (id. ¶ 61). Finally, in Count VI, Plaintiff advanced a claim of
4  intentional and negligent infliction of emotional distress (id. ¶¶ 64-65).

5  Defendants removed this action to this Court on March 22, 2007 (Doc. # 1).

6  **II.  Motions for Summary Judgment**

7  Champagne has now moved for summary judgment based on Plaintiff's failure to
8  produce expert testimony as required by ARIZ. REV. STAT. § 12-2603. The Maricopa County
9  Defendants joined the motion (Doc. # 36). They argue that because Plaintiff certified that
10 expert testimony would be required to establish his state law negligence and medical
11 malpractice claims, his failure to produce expert opinion testimony requires dismissal of his
12 state law claims.

13 Plaintiff responded to Champagne's motion (Doc. # 50). He contended that
14 Defendants waived any argument pursuant to § 12-2603 when they removed this case to
15 federal court (Doc. # 50 at 2). Alternatively, Plaintiff alleges that if § 12-2603 is applicable
16 to this case, Plaintiff certifies that expert testimony is not required because Defendants'
17 negligence is so grossly apparent that a layman would have no difficulty identifying it (id.
18 at 13). Plaintiff also maintains that one of his claims is based on 42 U.S.C. § 1983 and not
19 state law, rendering § 12-2603 inapposite. Finally, Plaintiff presents argument on the merits
20 of his medical claims against Champagne and the Maricopa County Defendants.

21 In Reply, Champagne contends that the only claim leveled against him is a state law
22 claim for medical negligence, which is barred by § 12-2603. Champagne reiterates that
23 Arizona law is applicable to Plaintiff's case despite the fact that it was removed to federal
24 court. Finally, Champagne contends that any attempt by Plaintiff to assert a federal civil
25 rights claim against him is untimely and procedurally improper (Doc. # 54). The Maricopa

1  County Defendants joined Champagne's Reply (Doc. # 55).[6]

2  The Maricopa County Defendants have also moved for summary judgment, arguing that they are entitled to qualified immunity. They specifically contend that no excessive force involving Officer Potoff took place on October 19, 2005, because the Maricopa County Jail's video recording of the incident demonstrates that Plaintiff's allegations are false (Doc. # 39). Plaintiff was informed of his right and obligation to respond to both summary judgment motions (Doc. ## 44-45).[7]

Plaintiff responded to the Maricopa County Defendants' summary judgment motion as to the October 19, 2005 incident involving Potoff (Doc. # 57). Plaintiff reiterated his claim that Potoff caused Plaintiff to fall and re-injure his right small finger. Plaintiff further claimed that Potoff excessively forced Plaintiff's hands behind his back and twisted his right small finger, causing extreme pain and injury.

In Reply, the Maricopa County Defendants maintain that they are entitled to qualified immunity and that the video recording of the October 19, 2005 incident demonstrates the absence of excessive force. They also claim that the excessive force claims against Ortega are without basis because the Maricopa County Review of Force Board determined that Ortega's conduct was justified (Doc. # 59).

**III.   Legal Standards**

   **A.   Summary Judgment**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under

---

[6]   The Maricopa County Defendants did not join Champagne's contention that § 12-2603 only applies to Champagne.

[7]   Notice required pursuant to Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998) (en banc).

- 4 -

1  summary judgment practice, the moving party bears the initial responsibility of presenting
2  the basis for its motion and identifying those portions of the record, together with affidavits,
3  which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp.,
4  477 U.S. at 323.  If the moving party meets its initial responsibility the burden then shifts to
5  the opposing party who must demonstrate that the fact in contention is material, i.e., a fact
6  that might affect the outcome of the suit under the governing law, Anderson v. Liberty
7  Lobby, Inc., 477 U.S. 242, 248 (1986), and that the dispute is genuine, i.e., the evidence is
8  such that a reasonable jury could return a verdict for the nonmoving party. Id. at 250; see
9  Triton Energy Corp. v. Square D. Co., 68 F.3d 1216, 1221 (9th Cir. 1995).  The opposing
10 party need not establish a material issue of fact conclusively in its favor; it is sufficient that
11 "the claimed factual dispute be shown to require a jury or judge to resolve the parties'
12 differing versions of the truth at trial." First Nat'l Bank of Arizona v. Cities Serv. Co., 391
13 U.S. 253, 288-89 (1968).

14 When considering a summary judgment motion, the court examines the pleadings,
15 depositions, answers to interrogatories, and admissions on file, together with the affidavits,
16 if any. See Fed. R. Civ. P. 56(c).  The evidence presented by the parties must be admissible.
17 Fed. R. Civ. P. 56(e).  And the evidence of the non-movant is "to be believed, and all
18 justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

19 **IV.    Analysis**
20     **A.    Champagne's Motion**

21 Champagne contends that ARIZ. REV. STAT. § 12-2603 required Plaintiff to disclose
22 by November 1, 2007 a preliminary expert witness affidavit with respect to his state law
23 claims of medical malpractice and negligence (Doc. # 20 at 2).  Champagne further contends
24 that Plaintiff's failure to comply with § 12-2603 compels dismissal of his state law
25 malpractice and negligence claims pursuant to § 12-2603(F).   The Maricopa County
26 Defendants join the motion with respect to the state law medical negligence claims leveled
27 against them (Doc. # 36).  In response, Plaintiff maintains that § 12-2603 is not applicable
28 to this case because it was removed to federal court.  Alternatively, Plaintiff alleges that if

1 § 12-2603 is applicable to his action, he now certifies that expert testimony is not required.
2 The state law negligence and medical malpractice claims pending before the Court arising
3 from Plaintiff's allegations that Defendants failed to properly treat his injured finger are
4 Counts I, II, V, and VI.[8]

5     Section 12-2603 requires that a "claimant . . . shall certify in a written statement . . .
6 whether or not expert opinion testimony is necessary to prove the health care professional's
7 standard of care or liability for the claim."  If expert opinion testimony is required, a
8 preliminary expert opinion affidavit must be served with the claimant's initial disclosure.
9 Id.  Further, § 12-2603(F) provides that a court must dismiss a claim against a health care
10 professional if the claimant fails to file an expert testimony affidavit after certifying that such
11 an affidavit is necessary. In his Complaint, Plaintiff did certify that expert opinion testimony
12 is necessary to prove his state law negligence and medical malpractice claims (Complaint ¶
13 44). Pursuant to the Court's Scheduling Order, Plaintiff's expert witness disclosure was due
14 no later than November 1, 2007 (Doc. # 13).  Plaintiff did not disclose an expert witness or
15 any expert opinion testimony. Consequently, his state law malpractice and negligence claims
16 are ripe for dismissal pursuant to § 12-2603.

17     Plaintiff's protestations do not change this result.  The fact that Defendants removed
18 this action does not alter § 12-2603's applicability to this case.  <u>Moreland v. Barrette</u>, 2006
19 WL 3147651, *3 (D. Ariz. October 31, 2006).  Moreover, Plaintiff's attempt to circumvent
20 § 12-2603 by claiming in his response to summary judgment that expert testimony is not
21 necessary is unavailing.  Plaintiff previously certified that expert testimony would be
22 necessary to prove his claims, and Plaintiff failed to produce that testimony or withdraw that
23 certification before the deadline for expert disclosure.  In the Ninth Circuit, the general rule

---

[8] This determination has no bearing on Plaintiff's deliberate indifference claim articulated in Count III.  Although a plaintiff has the burden of proof on breach of the standard of care, which generally requires expert testimony, there is no federal procedural requirement that a plaintiff must present expert witness testimony during initial discovery as to a federal claim of deliberate indifference.

- 6 -

1 is that a party cannot avoid summary judgment by contradicting his prior statements. See
2 Radobenko v. Automated Equipment Corp., 520 F.2d 540, 543-44 (9th Cir. 1975) (affirming
3 the grant of summary judgment in an action for breach of fiduciary duty and fraud where the
4 non-moving party claimed in his deposition that he was offered employment, agreed to a
5 leave of absence with pay, and that he quit his job but made completely contradictory
6 statements in his affidavit in opposition to summary judgment); Kennedy v. Allied Mut. Ins.
7 Co., 952 F.2d 262, 266 (9th Cir. 1991) (party cannot create an issue of fact by contradicting
8 his prior deposition testimony; Hambelton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397
9 F.3d 1217 (9th Cir. 2005) ("sham" deposition corrections are akin to "sham" affidavits).
10 Plaintiff's state law malpractice and negligence claims must be dismissed. Champagne's
11 motion, and the Maricopa County Defendants' joinder thereto, will be granted. Counts I, II,
12 V, and VI will be dismissed.

### B. Maricopa County Defendants' Motion

14 The Maricopa County Defendants have moved to dismiss Plaintiff's claim of
15 excessive force against Potoff (Doc. # 39). They claim that they are entitled to qualified
16 immunity because the jail's video recording of the October 19, 2005 incident precludes a
17 finding of excessive force. Specifically, the Maricopa County Defendants contend that each
18 of Plaintiff's allegations in his Complaint are disproved by the video recording and that
19 Potoff's actions were reasonable.

20 In his Response, Plaintiff has submitted an affidavit and statement of facts (Doc. #
21 58). Plaintiff alleges that on October 19, 2005, Potoff caused Plaintiff to fall and re-injure
22 his right small finger (Doc. # 58, Pla.'s Affidavit ¶ 6). Plaintiff further alleged that Potoff
23 picked him up off the ground by his injured right hand and jammed his hands behind his
24 back, while bending Plaintiff's fingers (id.). Finally, Plaintiff avers that after he was escorted
25 outside the view of the video camera, Potoff continued to assault him by jamming his hands
26 behind his back and bending his fingers in opposite directions (id.).

27 If a defendant claims qualified immunity, the court must make two distinct inquires,
28 the "constitutional inquiry" and the "qualified immunity inquiry." See Estate of Ford v.

1 Ramirez-Palmer, 301 F.3d 1043, 1049 (9th Cir. 2002). The "constitutional inquiry" asks
2 whether, when taken in the light most favorable to the non-moving party, the facts alleged
3 show that the official's conduct violated a constitutional right. Saucier v. Katz, 533 U.S.
4 194, 201 (2001). If so, a court turns to the "qualified immunity inquiry" and asks if the right
5 was clearly established at the relevant time. Id. at 201-02. This second inquiry "must be
6 undertaken in light of the specific context of the case, not as a broad general proposition."
7 Id. at 201.

8       The Court has reviewed the videotape submitted by Defendants. This video tends to
9 support Defendants' claim that no excessive force was used in front of the camera. But this
10 video recording is insufficient to demonstrate the absence of a genuine issue of material fact
11 for two reasons. First, Plaintiff has specifically alleged that he was subjected to excessive
12 force *after* being taken outside of the view of the camera. Obviously, the video recording
13 does not show what happened after Plaintiff was taken outside its view. Second, and more
14 importantly, Potoff has not submitted an affidavit to counter Plaintiff's allegations that force
15 was used after he was escorted outside the camera's view. Weighing of the evidence and
16 credibility determinations are not permitted in a summary judgment analysis. Anderson, 477
17 U.S. at 255. The evidence must be construed in Plaintiff's favor, and all inferences drawn
18 from the underlying facts must be viewed in the light most favorable to Plaintiff. See
19 Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Potoff
20 has not addressed Plaintiff's contention in his response that excessive force was used after
21 he was escorted outside the camera's view. And indeed, when a defendant does not object
22 to a plaintiff's declarations or otherwise controvert the matters described therein in a reply
23 memorandum, those facts are deemed undisputed. 10A Charles A. Wright, Arthur R. Miller
24 & Mary Kay Kane, Federal Practice and Procedure § 2722, at 384-85 (3d ed. 1998) ("[a]s
25 is true of other material introduced on a summary judgment motion, uncertified or otherwise
26 inadmissible documents may be considered by the court if not challenged") (footnotes
27 omitted). Here, because Defendants have submitted *no* evidence to counter Plaintiff's
28 allegation of excessive force outside the view of the camera, the Court finds that disputed

1    issues of fact remain regarding whether Potoff used excessive force against Plaintiff. Indeed,
2    "[s]ummary judgment or judgment as a matter of law in excessive force cases should be
3    granted sparingly." Lolli v. County of Orange, 351 F.3d 410, 415-16 (9th Cir. 2003)
4    (quoting Santos v. Gates, 287 F.3d 846, 853 (9th Cir. 2002)).

5    The second step of the Saucier analysis requires Defendants to demonstrate that the
6    alleged excessive force against Plaintiff did not violate clearly established constitutional law.
7    Defendants' qualified immunity argument wholly fails to address this second step. They
8    contend that Potoff's actions were reasonable and therefore "immunity must attach and the
9    allegations against Potoff and the other Defendants . . . must be dismissed in their entirety"
10   (Doc. # 39 at 5). This argument goes only to the constitutional inquiry and it rests on
11   disputed facts being construed in Defendants' favor. "Where the officers' entitlement to
12   qualified immunity depends on the resolution of disputed issues of fact in their favor, and
13   against the non-moving party, summary judgment is not appropriate." Wilkins v. City of
14   Oakland, 350 F.3d 949, 956 (9th Cir. 2003). Accordingly, Defendants' request for qualified
15   immunity will be denied.

16   **V.    Remaining Claims**

17   The Maricopa County Defendants have not sought summary judgment as to Plaintiff's
18   claim of deliberate indifference in Count III. Regarding Plaintiff's claim of excessive force
19   by Ortega in Count IV, the Maricopa County Defendants merely state in their reply in
20   support of their summary judgment motion, "the excessive force claims against Office [sic]
21   Ortega are similarly without basis. Although there is no known footage of that incident, the
22   incident was reviewed by Maricopa County's review of force board. The reviewer found
23   Officer Ortega's conduct justified and dismissed the complaint" (Doc. # 59 at 2). This
24   conclusory reference to Plaintiff's claim against Ortega is patently insufficient to warrant
25   summary judgment for two reasons. First, the Court will not consider an argument to which
26   Plaintiff has not had the opportunity to respond. See Cedano-Viera v. Ashcroft, 324 F.3d
27   1062, 1066 n. 5 (9th Cir. 2003) (declining to consider an issue raised for the first time in a
28   reply brief). Second, even if presented properly, Defendants introduce no evidence to

support the contention that Ortega's conduct was reasonable. Defendants are reminded that *the moving party* bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Defendants have made no effort to attempt to establish the absence of a genuine issue of material fact for trial as to Plaintiff's claim of excessive force by Ortega. The Maricopa County Defendants are not entitled to summary judgment on either Count III or Count IV.

In view of the foregoing, the following claims remain: (1) Count III against the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services and (2) Count IV against Officers Potoff and Ortega, the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services.

## VI.  Plaintiff's Motions

Plaintiff has filed two motions (Doc. # 61, 63). First, Plaintiff seeks an Order directing Defendants to provide Plaintiff with copies of all forthcoming pleadings. Plaintiff specifically alleges that he did not receive a copy of Champagne's reply in support of his summary judgment motion. Champagne has notified the Court that his failure to mail a copy of the reply was inadvertent and has since forwarded the reply to Plaintiff. Consequently, this motion will be denied as moot.

Plaintiff has also filed a second motion to compel, arguing that his former counsel, Jess Lorona, has still not forwarded copies of photographs taken by Jeff Bachtle on June 16, 2006 (Doc. # 63). Plaintiff has acknowledged, however, that he did receive the compact discs Lorona sent to Plaintiff after his March 24, 2008 motion to compel. The Court will deny Plaintiff's motion. Lorona has previously responded to Plaintiff's request and averred that he has sent Plaintiff copies of all photographs and evidence in his possession (Doc. # 53). Moreover, Plaintiff does not explain how the June 16, 2006 photographs are any more probative than the photographs he already possesses. As a result, the Court will

1  Plaintiff's motion to compel (Doc. # 63).

2  **IT IS HEREBY ORDERED:**

3  (1) Champagne's Motion for Summary Judgment (Doc. # 20) and the Maricopa County Defendants' Joinder thereto (Doc. # 36) are **granted**.

5  (2) Counts I, II, V, and VI are dismissed.

6  (3) Champagne is dismissed with prejudice.

7  (4) The Maricopa County Defendants' Motion for Summary Judgment (Doc. # 39) is **denied**.

9  (5) Plaintiff's Motion for Court to Order Defendants to Provide Plaintiff with Copies of All Pleadings (Doc. # 61) is **denied as moot**.

11 (6) Plaintiff's Motion to Compel (Doc. # 63) is **denied**.

12 (7) The following claims remain:  (1) Count III against the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services and (2) Count IV against Officers Potoff and Ortega, the Maricopa County Board of Supervisors, the Maricopa County Sheriff's Office, and Maricopa County Correctional Health Services

17 DATED this 8th day of August, 2008.

19 .

Robert C. Broomfield
Senior United States District Judge